J-S02032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES PENDLETON | |
| Appellant | No. 1216 EDA 2015 |

Appeal from the Judgment of Sentence Entered October 30, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0001689-2014

BEFORE: SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **Filed March 21, 2016**

Appellant, James Pendleton, appeals from the October 30, 2015 judgment of sentence imposing an aggregate 21 to 42 months of incarceration followed by four years of probation for possession of a controlled substance, delivery of a controlled substance, and possession of drug paraphernalia.[1] Counsel has filed a brief and petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2008). We affirm the judgment of sentence and grant counsel's petition to withdraw.

The record reveals that, on February 9, 2014, a patrolman from the Upper Darby Police Department was an eyewitness to a drug transaction

---

[1] 35 P.S. § 780-113(a)(16), (30), (32), Act of 1972 P.L. 233, *as amended.*

between Appellant and another man. Police apprehended both parties to the transaction as they were departing the scene. The matter proceeded to a September 17, 2014 jury trial, at the conclusion of which the jury found Appellant guilty of the aforementioned offenses. After the trial court imposed sentence on October 30, 2014, Appellant filed a timely post-sentence motion challenging the weight of the evidence and the trial court's exercise of its sentencing discretion. The trial court denied the motion, and this timely appeal followed.

Before we address the merits, we consider the adequacy of counsel's **Anders/Santiago** brief, which must comply with the following:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel must also advise the defendant of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), appeal denied, 936 A.2d 40

- 2 -

(Pa. 2007). We have reviewed counsel's filings and found them in compliance with the foregoing. Appellant has not filed any response. We therefore turn our attention to the merits.

The **Anders** Brief sets forth two issues:

1. Was trial counsel ineffective for failing to request dismissal of a juror and for failing to preserve the issue for appeal?

2. Was the evidence sufficient to sustain Appellant's convictions?

**Anders** Brief at 5.

Counsel concedes the first issue, asserting trial counsel's ineffectiveness, is not reviewable on direct appeal. **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013). As explained more fully in the trial court's opinion of June 22, 2015, this issue arose when juror number four informed the trial court that he went to high school with one of the people allegedly present when police apprehended Appellant and his customer. The trial court asked the juror if he believed he could render a fair and impartial verdict, and the juror said that he could. Appellant's counsel did not object to the juror's continued presence on the jury. Thus, this issue is not preserved for appellate review, and any assessment of trial counsel's effectiveness must await collateral review. For the reasons set forth in the trial court's opinion, we agree with appellate counsel's conclusion that this issue is frivolous. Trial Court Opinion, 6/22/15, at 5, 8.

Next, the **Anders** Brief addresses the sufficiency of the evidence in support of Appellant's convictions. We review a challenge to the sufficiency of the evidence as follows:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Teems**, 74 A.3d 142, 144-45 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1098 (Pa. 2013).

The record reflects eyewitness testimony confirming that Appellant engaged in a hand-to-hand exchange of small glassine packages for cash. Appellant and his customer were in possession of packaged controlled substances when police apprehended them. The trial court's opinion thoroughly addresses the sufficiency of the evidence in support of Appellant's convictions. Trial Court Opinion, 6/22/15, at 2-4, 10-12. Indeed, the record reflects overwhelming evidence of Appellant's guilt. For the reasons described in the trial court's opinion, we agree that a challenge to the sufficiency of the evidence is frivolous.

Having completed a review of the issues set forth in counsel's **Anders** Brief, we must conduct an independent review of the record in accord with **Santiago**. **Santiago**, 978 A.2d at 355 n.5. The record indicates that Appellant's Pa.R.A.P. 1925(b) statement challenged the weight of the evidence, the trial court's sentencing discretion, and the trial court's decision to allow the Commonwealth to amend its complaint to add a school zone enhancement pursuant to 18 Pa.C.S.A. § 6317.

Concerning the weight of the evidence, Appellant testified that he was the purchaser of the controlled substances, not the seller. N.T. Trial, 9/17/16, at 160-61. He testified he needed Oxycodone for chronic headaches and back pain. **Id.** at 159-60. The trial court correctly explains that the jury was entitled to find Appellant's testimony not credible, and we conclude a challenge to the weight of the evidence is frivolous for the reasons set forth in the trial court's opinion. Trial Court Opinion, 6/22/15, at 2-4, 9.

Regarding Appellant's sentence, the record reveals that it falls within the standard guideline range for each offense. For the reasons explained in the trial court's opinion, we believe any challenge to the trial court's sentencing discretion would be frivolous. **Id.** at 12-13.

Finally, the trial court notes that the Commonwealth introduced no evidence in support of a school zone enhancement and the trial court did not apply the enhancement at Appellant's sentencing. **Id.** at 8. Any argument

challenging the Commonwealth's amendment of its complaint is therefore frivolous.

Our further review of the record reveals no other potentially non-frivolous issues. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw. We direct that a copy of the trial court's June 22, 2015 opinion be filed along with this memorandum.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/2016

..RECEIVED
D.A.'S OFFICE
APPEALS UNIT

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL 2015 JUN 23 PH 3:26

| COMMONWEALTH OF PENNSYLVANIA V. James Pendleton | CP-23-CR-0001689-2014 |

'A. Sheldon Kovach, Esquire, for the Commonwealth
Rhonda Lowe, Esquire, for the Appellant

## OPINION

Capuzzi, J.                                                                    Filed: 6/22/2015

This is an appeal from this Court's judgment of sentence entered on October 30, 2014.

Appellant raises the following five issues: (1) This Court erred when it failed to excuse Juror #4

after being informed that the juror was familiar with one of the individuals involved in the

offense; (2) This Court erred in allowing the Commonwealth to amend the complaint to add a

School Zone Enhancement; (3) The guilty verdicts were against the weight of the evidence; (4)

The evidence presented at trial was insufficient to sustain Appellant's convictions for 35 P.S. §

780-113 §§ A30 (Delivery of a Controlled Substance – Alprazolam); 35 P.S. § 780-113 §§ A16

(Possession of a Controlled Substance – Alprazolam and Oxycodone); and 35 P.S. § 780-113 §§

A32 (Possession of Drug Paraphernalia); and (5) This Court abused its discretion when

sentencing Appellant. For the forthcoming reasons, Appellant's issues lack merit and Appellant's

judgment of sentence should be affirmed.

## FACTUAL BASIS

Officer Francis Devine is a patrolman with the Upper Darby Police Department and has been so employed for the past five years. [N.T., 09/17/2014 p. 27]. Within that time, Officer Devine has conducted over 100 drug related arrests and has observed numerous hand to hand transactions. [N.T., 09/17/2014 p. 27]. In the early afternoon of February 9, 2014, at approximately 12:50p.m., Officer Devine was in full uniform in an unmarked police vehicle on routine patrol in the area of Long, Shirley, and Walnut Street in Upper Darby, Delaware County. [N.T., 09/17/2014 p. 29].

While on patrol, Officer Devine observed two men walking down Walnut Street towards Shirley Avenue. [N.T., 09/17/2014 p. 28]. Based upon prior incidents, Officer Devine immediately recognized one of the individuals as Mr. Redden. [N.T., 09/17/2014 p. 29]. The other individual, although not known to Officer Devine at the time, was Appellant. The two men were standing on the corner looking up and down the street, checking over their shoulders. [N.T., 09/17/2014 p.29].Officer Devine found this activity to be suspicious and pulled his vehicle over in order to better observe the two men. [N.T., 09/17/2014 p. 29,30].The men, not noticing Officer Devine's vehicle, stopped at the corner of Walnut and Shirley Avenue, one parking spot from where Officer Devine was parked. [N.T., 09/17/2014 p. 28].

From his vantage point, Officer Devine could clearly see Appellant hand a small glassine bag to Mr. Redden. [N.T., 09/17/2014 p.30]. In return, Mr. Redden handed Appellant U.S. Currency. [N.T., 09/17/2014 p.30]. When the two began to walk up Shirley towards Calvin Street, Officer Devine witnessed another transfer of an unidentified object from Appellant to Mr. Redden. [N.T., 09/17/2014 p. 29]. Following the second exchange with Appellant, Mr. Redden got into the backseat of a vehicle with its hazard lights on, located about twenty-five feet from

Officer Devine's location, and Appellant continued towards Calvin Street, heading in the opposite direction of Mr. Redden. [N.T., 09/17/2014 p. 35].Officer Devine pursued the vehicle and radioed for backup to pursue Appellant. [N.T., 09/17/2014 p.30].

Officer Devine initiated a traffic stop on the vehicle at Garrett and Walnut Street, approximately a block from where he witnessed the transaction. [N.T., 09/17/2014 p. 30]. When the vehicle came to a stop, Officer Devine noticed Mr. Redden who was located in the back seat of the vehicle, make furtive movements toward the female in the front passenger seat. [N.T., 09/17/2014 p. 30]. In addition to Mr. Redden, the two other individuals, later identified as Michael Rainey and Lauren Taylor, were also making furtive movements in the front of the vehicle; adding to his growing suspicion of criminal activity and eventual removal of all occupants. [N.T., 09/17/2014 p. 30]. At this time, Lieutenant Thomas Sharp, also of the Upper Darby Police Department, arrived on scene and assisted Officer Devine. [N.T., 09/17/2014 p. 40]. Once Lieutenant Sharp arrived, all parties were removed and pat-downs were conducted on each of the three occupants of the vehicle for officer safety. [N.T., 09/17/2014 p. 40].

While the female was exiting the vehicle, Lieutenant Sharp was able to observe a single white pill with the parking 512 on the floorboard of the passenger side. [N.T., 09/17/2014 p. 42]. In the front of the vehicle on the transmission hump in the center console, Officer Devine observed the exact same glassine bag that he witnessed in the hand to hand with Appellant just moments before. [N.T., 09/17/2014 p. 42]. The bag contained seven blue pills and two rectangular green pills. [N.T., 09/17/2014 p. 40-41]. In addition, Lieutenant Sharp and Detective Devine located five orange and five clear pills wrapped in tissue paper, stashed in a small ashtray to the left of the steering wheel, approximately the same location that the female in the car was reaching towards when they were pulled over. [N.T., 09/17/2014 p. 43].

Officer Michael Taylor of the Upper Darby Police Department, Narcotics Division, was also on patrol at the time of the exchange and received the call from dispatch to pursue Appellant. [N.T., 09/17/2014 p. 79]. Officer Taylor recognized Appellant by Officer Devine's description and clothing. [N.T., 09/17/2014 p. 80]. Officer Taylor initiated a pedestrian stop upon sight of Appellant and immediately noticed Appellant was very nervous. [N.T., 09/17/2014 p. 81]. For officer safety, particularly in a high-crime area, Officer Taylor conducted a pat down of Appellant's person. [N.T., 09/17/2014 p. 81]. Officer Taylor quickly noticed a bulge in his breast pocket and asked Appellant what was in there. Appellant responded with "some pills", and also admitted to not having a prescription for them. [N.T., 09/17/2014 p. 82]. Officer Taylor removed the tissue paper that contained three white, round pills consistent with being Oxycodone. [N.T., 09/17/2014 p. 82]. In addition, $75 dollars of U.S. currency was found on his person, which contained two $20 dollar bills. [N.T., 09/17/2014 p.84.] Two cell phones were also located on Appellant's person. [N.T., 09/17/2014 p. 84].

Appellant was arrested and charged with three counts of Delivery of a Controlled Substance[1], three counts of Possession of a Controlled Substance[2], and one count of Possession of Drug Paraphernalia.[3,4]

**PROCEDURAL HISTORY**

A jury trial was held on September 17, 2014. The Commonwealth presented several witnesses including: Officer Francis Devine, Lieutenant Thomas Sharp, Officer Michael Taylor,

---

[1] 35 Pa.C.S. Section 780-113(a)(30)
[2] 4 35 Pa.C.S. Section 780-113(a)(16)
[3] 5 35 Pa.C.S. Section 780-113(a)(32)
[4] All pills were later submitted to the Pennsylvania State Police Bureau of Forensic Service, Lima Regional Laboratory and were confirmed by Kristen Victoria Stains, a forensic Lima Regional Laboratory Technician, to be Oxycodone, a schedule I & II narcotic; Alprazolam, a schedule IV narcotic; and Amphetamine, a schedule II narcotic. [N.T., 09/17/2014 p. 119].

and Jonathon Redden. The defense presented testimony from Appellant, James Pendleton. Officer Devine, Lieutenant Sharp, and Officer Taylor testified to the facts as set forth above. [N.T., 09/17/2014 p. 64].

Following the officers' testimony, the Commonwealth presented Mr. Redden. [N.T., 09/17/2014 p. 101]. Mr. Redden testified that he purchased eight Alprazolam pills from Appellant in exchange for $40, which he paid in the denomination of two $20 dollar bills. [N.T., 09/17/2014 p. 103, 105]. Mr. Redden testified the pills were contained in a baggie, the same baggie found in the vehicle Mr. Redden occupied shortly after the exchange. [N.T., 09/17/2014 p. 105].

After hearing testimony that the driver of the vehicle was Michael Rainey, Juror #4, sent a note to a court official stating that he knew Michael Rainey. This Court colloquied Juror #4 in the robing room with both attorneys present. Juror #4 told the court that he and Mr. Rainey went to Upper Darby High School together in 2002 but he hasn't seen Mr. Redden in six years. [N.T., 09/17/2014 p.130]. This Court informed Juror #4 that Mr. Rainey would not be testifying. [N.T., 09/17/2014 p. 130]. This Court asked Juror #4 if knowing Michael Rainey would prevent him from being a fair and impartial juror in this case; of which Juror #4 firmly stated it would not. [N.T., 09/17/2014 p. 130]. The Court asked Juror #4 if he would be able to continue in this case as a juror and set aside any knowledge of Michael Rainey in any way. Juror #4 again told this Court he could. [N.T., 09/17/2014 p. 131]. After the colloquy, counsel for Appellant did not move to strike Juror #4 and this Court decided he could be fair and impartial; as such, he was not removed from the panel. [N.T., 9/17/2014 p. 152].

In addition, Juror #9 also informed this Court that she knew Michael Rainey. [N.T., 09/17/2014 p. 133]. Juror #9 stated that Michael Rainey was her cousin's brother-in-law and that

she worked with him at a restaurant. [N.T., 09/17/2014 p. 134]. Juror #9 stated this may make her unable to be a fair and impartial juror, and as such, this Court excused her and alternate Juror #13 became Juror #9. [N.T., 09/17/2014 p. 156].

The defense presented testimony from Appellant. [N.T., 09/17/2014 p. 159]. Appellant testified contrary to Mr. Redden's claims, claiming he was purchasing the drugs from Mr. Redden; not selling them. [N.T., 09/17/2014 p. 161]. Appellant testified he purchased three Oxycodone pills – for his alleged chronic headaches and back pain – from Mr. Redden, in exchange for $15. Appellant also testified that he gave Mr. Redden an empty glassine baggie and the U.S. Currency given to him was his $5 change for a $20 bill. [N.T., 09/17/2014 p. 161, 166].[5]

After deliberating, the jury found Appellant guilty of Delivery of a Controlled Substance to wit: Alprazolam; Possession of a Controlled Substance to wit: Alprazolam; Possession of a Controlled Substance to wit: Oxycodone, and Possession of Drug Paraphernalia.

The jury found Appellant not guilty of Delivery of a Controlled Substance to wit: Oxycodone, Delivery of a Controlled Substance to wit: Amphetamine; and Possession of a Controlled Substance to wit: Amphetamine.

On October 30th, 2014, this Court sentenced Appellant as follows: Count 1:Delivery of Alprazolam: 15 months to 30 months in SCI with three years consecutive state probation; Count 2: Possession of Oxycodone: 6-12 months SCI consecutive to Count 1; Count 3: Possession of Drug Paraphernalia: 1 year state probation, running consecutive to Count 1 and Count 2. Appellant was ordered to provide a DNA sample, a $100 cost assessment was imposed, and Appellant was not RRRI Eligible or boot camp eligible. Appellant was also ordered to forfeit two cell phones and $75 of US Currency. [N.T., 10/30/2014 p.9-11].

---

[5] Appellant was the only person apprehended with any money on his person [N.T., 09/17/2014 p. 49, 84].

On October 31, 2014, counsel for Appellant filed a motion to withdraw, which this Court granted.

On November 07, 2014, Appellant filed *pro se* correspondence, which was docketed on November 12, 2014. Due to the time sensitive nature of filing a motion to reconsider, this Court treated the correspondence as a *pro se* motion to reconsider sentence and appointed the Delaware County Office of the Public Defender to represent Appellant. On November 17, the Public Defender filed a conflict petition. In response, this Court appointed conflict counsel, Ms. Rhonda Lowe, Esquire.

Due to confusion with the switch in counsel and miscommunication as to what had been filed by the Public Defender's office, Ms. Lowe provided this Court with additional information pertinent to the motion to reconsider and asked this Court to extend the 120 days this Court had to decide on the motion. This Court found that good cause existed to invoke the extra thirty days allowed by statute to decide upon the motion. On March 30, 2015, after considering the information provided, this Court denied the post-sentence motion and this timely appeal followed.

## DISCUSSION

For efficiency, this Court will address each issue as laid out by Appellant in his 1925(b) statement: (A) Improper Non-Excusal of Jury Member; (B) Improper School Zone Enhancement; (C) Guilty Verdicts Against the Weight of the Evidence; (D) Insufficient Evidence For Conviction; and (E) Abuse of Discretion At Sentencing.

**A. This Court Did Not Abuse its Discretion When Keeping Juror #4 on the Panel.**

The determination as to whether an individual's views would substantially impair her or his ability to perform the duties of a juror rests in the discretion of the trial court and that such determination is to be accorded deference. *Commonwealth v. Morales* 91 A.3d 80, 96-97 (Pa. 2014). "Absent a palpable abuse of that discretion, the court's determination will not be reversed." *Morales*, 91 A.3d at 97.

Appellant's alleges this Court erred when it did not excuse trial Juror #4 after being informed that the Juror #4 was familiar with Michael Rainey, the driver of the vehicle.

This Court did not abuse its discretion when deciding to keep Juror #4 on the panel. Juror #4 attended high school with Mr. Rainey, stated he hadn't seen him in a significant amount of time, did not socialize with him and simply brought it to this Court's attention in an abundance of caution. In addition, Juror #4 said he could be fair and impartial. If Juror #4 answered the question in the negative, as Juror #9 did, this Court would have excused Juror #4. However, excusing Juror#4 was not necessary as this Court determined, after speaking with Juror #4, that he could be fair and impartial. Thus, there was no error of law or abuse of discretion.

**B. The Commonwealth Did Not Elicit Testimony in Regards to a School Zone and This Court Did Not Apply a School Zone Enhancement At Sentencing.**

Appellant also alleges this Court erred in allowing the Commonwealth to amend the complaint to add a School Zone Enhancement, pursuant to the Drug-Free School Zones Act, 18 Pa.C.S. § 6317. This assertion is moot. The Commonwealth never presented any testimony to this effect nor was the issue submitted to the jury or applied at sentencing. Therefore, the issue is moot for purposes of appeal.

## C. The Verdict Was Not Against the Weight of the Evidence.

"A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A weight of the evidence claim is only warranted where the judge or jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." *Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014).

"Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Landis*, 89 A.3d at 699.

Appellant alleges that the verdict was against the weight of the evidence presented by the Commonwealth at trial. This Court properly denied this post-sentence motion. The jury was free to listen to the witnesses and weigh the evidence presented. Despite the conflicting stories from Appellant and Mr. Redden, the jury weighed the credibility of the witnesses and determined Appellant to be guilty beyond a reasonable doubt for all three charges herein. There is nothing in the record to support that the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice.

## D. The Evidence Presented at Trial was Sufficient to Convict Appellant.

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

"There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences are drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Martin*, 101 A.3d 706, 718 (Pa. 2014). The Commonwealth may sustain [this] burden by means of wholly circumstantial evidence. *Martin*, 101 A.3d at 718.

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). Failure to identify what specific element the Commonwealth failed to prove at trial in a 1925(b) statement renders an appellant's sufficiency of the evidence claim waived for appellate review. *Id.*

Appellant alleges there was insufficient evidence presented at trial to sustain the convictions Delivery of a Controlled Substance to wit: Alprazolam, Possession of a Controlled Substance to wit: Oxycodone and Alprazolam, and Possession of Drug Paraphernalia. However, Appellant does not allege any particular element of the three convictions as required to preserve the claim for appeal. Assuming arguendo that Appellant intends to argue that every single element of all three offenses was insufficient to sustain a conviction, this Court sets forth the its analysis as follows:

Pursuant to *35 P.S. Section 780-113(a)(30)*: "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate state board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance is prohibited." Delivery is defined as "the actual, constructive or attempted transfer from one person to another of a controlled substance . . . whether or not there is an agency relationship." *35 P.S. Section 780-102.*

Here, Appellant, who is not registered or licensed under the act, was delivering Alprazolam, a controlled substance, by means of a hand to hand to Mr. Redden. Officer Devine testified that he was a mere five feet away from Appellant and Mr. Redden when he witnessed Appellant hand Mr. Redden a clear plastic bag in exchange for U.S. currency. In addition, this was the exact same bag that Officer Devine located in the vehicle that Mr. Redden got into immediately after the transaction. Not only did Officer Devine see the transaction occur but Mr. Redden also told the jury that he purchased the pills from Appellant and gave him two $20 dollar bills, which were located on Appellant when he was arrested. The evidence presented at trial, when viewed in the light most favorable to the Commonwealth, was overwhelmingly sufficient to establish all of the elements of the offense beyond a reasonable doubt.

In order to establish Possession of a Controlled Substance the Commonwealth must prove beyond a reasonable doubt: 1) the item must be a controlled substance; (2) that the item was possessed by the defendant; and (3) that the defendant was aware of the item's presence and that the item was in fact a controlled substance. *35 Pa.C.S. Section 780-113(a)(16)*

When Officer Taylor stopped Appellant he had Oxycodone, a controlled substance, on his person. Appellant admitted he had the pills in his pocket and that he did not have a

prescription for them. In addition, Appellant possessed Alprazolam when he sold it to Mr. Redden, which Mr. Redden testified to and Officer Devine witnessed Appellant hand to Mr. Redden.

Pursuant to 35 P.S. Section 780-113(a)(32), "The following acts and the causing thereof within the Commonwealth are hereby prohibited: The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act."

Officer Taylor located three Oxycodone pills on Appellant. The pills were wrapped in tissue paper in order to store the controlled substance. Based on credible testimony from Officer Taylor and Officer Devine, the Commonwealth presented sufficient evidence to prove each element of Possession of Drug Paraphernalia beyond a reasonable doubt.

E. This Court Properly Sentenced Appellant.

Appellant's assertion that this Court abused its discretion when it sentenced Appellant is without merit. An abuse is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will direction is abused. *Commonwealth v. Hairston*, 84 A.3d 657 (Pa. 2014).

Appellant does not particularly allege how this Court abused its discretion at sentencing. Appellant's sentence was not illegal nor was it even in the aggravated range. Appellant's sentence was in the middle of the standard range. This Court told Appellant at sentencing: "I could easily justify going into the aggravated range based on your past history. But, even in

going to the standard range, I didn't go to the maximum in the standard range; I went into the mid-range because I'm hoping there is some redeeming value for you." [N.T., 10/30/2014 p.11]. After review, this Court finds no error in Appellant's sentence.

## CONCLUSION

This Court did not commit an error of law or abuse its discretion. Appellant's judgment of sentence should be affirmed.

BY THE COURT:

_____
John P. Capuzzi, Sr.                                    J.



RECEIVED
O.A.'S OFFICE
APPEALS UNIT

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL 2015 JUN 23 PM 3:26

| COMMONWEALTH OF PENNSYLVANIA | CP-23-CR-0001689-2014 |
| V. | |
| James Pendleton | |

A. Sheldon Kovach, Esquire, for the Commonwealth
Rhonda Lowe, Esquire, for the Appellant

## OPINION

Capuzzi, J.                                                        Filed: 6/22/2015

This is an appeal from this Court's judgment of sentence entered on October 30, 2014.

Appellant raises the following five issues: (1) This Court erred when it failed to excuse Juror #4

after being informed that the juror was familiar with one of the individuals involved in the

offense; (2) This Court erred in allowing the Commonwealth to amend the complaint to add a

School Zone Enhancement; (3) The guilty verdicts were against the weight of the evidence; (4)

The evidence presented at trial was insufficient to sustain Appellant's convictions for 35 P.S. §

780-113 §§ A30 (Delivery of a Controlled Substance – Alprazolam); 35 P.S. § 780-113 §§ A16

(Possession of a Controlled Substance – Alprazolam and Oxycodone); and 35 P.S. § 780-113 §§

A32 (Possession of Drug Paraphernalia); and (5) This Court abused its discretion when

sentencing Appellant. For the forthcoming reasons, Appellant's issues lack merit and Appellant's

judgment of sentence should be affirmed.

**FACTUAL BASIS**

Officer Francis Devine is a patrolman with the Upper Darby Police Department and has been so employed for the past five years. [N.T., 09/17/2014 p. 27]. Within that time, Officer Devine has conducted over 100 drug related arrests and has observed numerous hand to hand transactions. [N.T., 09/17/2014 p. 27]. In the early afternoon of February 9, 2014, at approximately 12:50p.m., Officer Devine was in full uniform in an unmarked police vehicle on routine patrol in the area of Long, Shirley, and Walnut Street in Upper Darby, Delaware County. [N.T., 09/17/2014 p. 29].

While on patrol, Officer Devine observed two men walking down Walnut Street towards Shirley Avenue. [N.T., 09/17/2014 p. 28]. Based upon prior incidents, Officer Devine immediately recognized one of the individuals as Mr. Redden. [N.T., 09/17/2014 p. 29]. The other individual, although not known to Officer Devine at the time, was Appellant. The two men were standing on the corner looking up and down the street, checking over their shoulders. [N.T., 09/17/2014 p.29].Officer Devine found this activity to be suspicious and pulled his vehicle over in order to better observe the two men. [N.T., 09/17/2014 p. 29,30].The men, not noticing Officer Devine's vehicle, stopped at the corner of Walnut and Shirley Avenue, one parking spot from where Officer Devine was parked. [N.T., 09/17/2014 p. 28].

From his vantage point, Officer Devine could clearly see Appellant hand a small glassine bag to Mr. Redden. [N.T., 09/17/2014 p.30]. In return, Mr. Redden handed Appellant U.S. Currency. [N.T., 09/17/2014 p.30]. When the two began to walk up Shirley towards Calvin Street, Officer Devine witnessed another transfer of an unidentified object from Appellant to Mr. Redden. [N.T., 09/17/2014 p. 29]. Following the second exchange with Appellant, Mr. Redden got into the backseat of a vehicle with its hazard lights on, located about twenty-five feet from

Officer Devine's location, and Appellant continued towards Calvin Street, heading in the opposite direction of Mr. Redden. [N.T., 09/17/2014 p. 35].Officer Devine pursued the vehicle and radioed for backup to pursue Appellant. [N.T., 09/17/2014 p.30].

Officer Devine initiated a traffic stop on the vehicle at Garrett and Walnut Street, approximately a block from where he witnessed the transaction. [N.T., 09/17/2014 p. 30]. When the vehicle came to a stop, Officer Devine noticed Mr. Redden who was located in the back seat of the vehicle, make furtive movements toward the female in the front passenger seat. [N.T., 09/17/2014 p. 30]. In addition to Mr. Redden, the two other individuals, later identified as Michael Rainey and Lauren Taylor, were also making furtive movements in the front of the vehicle; adding to his growing suspicion of criminal activity and eventual removal of all occupants. [N.T., 09/17/2014 p. 30]. At this time, Lieutenant Thomas Sharp, also of the Upper Darby Police Department, arrived on scene and assisted Officer Devine. [N.T., 09/17/2014 p. 40]. Once Lieutenant Sharp arrived, all parties were removed and pat-downs were conducted on each of the three occupants of the vehicle for officer safety. [N.T., 09/17/2014 p. 40].

While the female was exiting the vehicle, Lieutenant Sharp was able to observe a single white pill with the parking 512 on the floorboard of the passenger side. [N.T., 09/17/2014 p. 42]. In the front of the vehicle on the transmission hump in the center console, Officer Devine observed the exact same glassine bag that he witnessed in the hand to hand with Appellant just moments before. [N.T., 09/17/2014 p. 42]. The bag contained seven blue pills and two rectangular green pills. [N.T., 09/17/2014 p. 40-41]. In addition, Lieutenant Sharp and Detective Devine located five orange and five clear pills wrapped in tissue paper, stashed in a small ashtray to the left of the steering wheel, approximately the same location that the female in the car was reaching towards when they were pulled over. [N.T., 09/17/2014 p. 43].

Officer Michael Taylor of the Upper Darby Police Department, Narcotics Division, was also on patrol at the time of the exchange and received the call from dispatch to pursue Appellant. [N.T., 09/17/2014 p. 79]. Officer Taylor recognized Appellant by Officer Devine's description and clothing. [N.T., 09/17/2014 p. 80]. Officer Taylor initiated a pedestrian stop upon sight of Appellant and immediately noticed Appellant was very nervous. [N.T., 09/17/2014 p. 81]. For officer safety, particularly in a high-crime area, Officer Taylor conducted a pat down of Appellant's person. [N.T., 09/17/2014 p. 81]. Officer Taylor quickly noticed a bulge in his breast pocket and asked Appellant what was in there. Appellant responded with "some pills", and also admitted to not having a prescription for them. [N.T., 09/17/2014 p. 82]. Officer Taylor removed the tissue paper that contained three white, round pills consistent with being Oxycodone. [N.T., 09/17/2014 p. 82]. In addition, $75 dollars of U.S. currency was found on his person, which contained two $20 dollar bills. [N.T., 09/17/2014 p.84.] Two cell phones were also located on Appellant's person. [N.T., 09/17/2014 p. 84].

Appellant was arrested and charged with three counts of Delivery of a Controlled Substance[1], three counts of Possession of a Controlled Substance[2], and one count of Possession of Drug Paraphernalia.[3,4]

**PROCEDURAL HISTORY**

A jury trial was held on September 17, 2014. The Commonwealth presented several witnesses including: Officer Francis Devine, Lieutenant Thomas Sharp, Officer Michael Taylor,

---

[1] 35 Pa.C.S. Section 780-113(a)(30)

[2] 4 35 Pa.C.S. Section 780-113(a)(16)

[3] 5 35 Pa.C.S. Section 780-113(a)(32)

[4] All pills were later submitted to the Pennsylvania State Police Bureau of Forensic Service, Lima Regional Laboratory and were confirmed by Kristen Victoria Stains, a forensic Lima Regional Laboratory Technician, to be Oxycodone, a schedule I & II narcotic; Alprazolam, a schedule IV narcotic; and Amphetamine, a schedule II narcotic. [N.T., 09/17/2014 p. 119].

and Jonathon Redden. The defense presented testimony from Appellant, James Pendleton. Officer Devine, Lieutenant Sharp, and Officer Taylor testified to the facts as set forth above. [N.T., 09/17/2014 p. 64].

Following the officers' testimony, the Commonwealth presented Mr. Redden. [N.T., 09/17/2014 p. 101]. Mr. Redden testified that he purchased eight Alprazolam pills from Appellant in exchange for $40, which he paid in the denomination of two $20 dollar bills. [N.T., 09/17/2014 p. 103, 105]. Mr. Redden testified the pills were contained in a baggie, the same baggie found in the vehicle Mr. Redden occupied shortly after the exchange. [N.T., 09/17/2014 p. 105].

After hearing testimony that the driver of the vehicle was Michael Rainey, Juror #4, sent a note to a court official stating that he knew Michael Rainey. This Court colloquied Juror #4 in the robing room with both attorneys present. Juror #4 told the court that he and Mr. Rainey went to Upper Darby High School together in 2002 but he hasn't seen Mr. Redden in six years. [N.T., 09/17/2014 p.130]. This Court informed Juror #4 that Mr. Rainey would not be testifying. [N.T., 09/17/2014 p. 130]. This Court asked Juror #4 if knowing Michael Rainey would prevent him from being a fair and impartial juror in this case; of which Juror #4 firmly stated it would not. [N.T., 09/17/2014 p. 130]. The Court asked Juror #4 if he would be able to continue in this case as a juror and set aside any knowledge of Michael Rainey in any way. Juror #4 again told this Court he could. [N.T., 09/17/2014 p. 131]. After the colloquy, counsel for Appellant did not move to strike Juror #4 and this Court decided he could be fair and impartial; as such, he was not removed from the panel. [N.T., 9/17/2014 p. 152].

In addition, Juror #9 also informed this Court that she knew Michael Rainey. [N.T., 09/17/2014 p. 133]. Juror #9 stated that Michael Rainey was her cousin's brother-in-law and that

she worked with him at a restaurant. [N.T., 09/17/2014 p. 134]. Juror #9 stated this may make her unable to be a fair and impartial juror, and as such, this Court excused her and alternate Juror #13 became Juror #9. [N.T., 09/17/2014 p. 156].

The defense presented testimony from Appellant. [N.T., 09/17/2014 p. 159]. Appellant testified contrary to Mr. Redden's claims, claiming he was purchasing the drugs from Mr. Redden; not selling them. [N.T., 09/17/2014 p. 161]. Appellant testified he purchased three Oxycodone pills – for his alleged chronic headaches and back pain – from Mr. Redden, in exchange for $15. Appellant also testified that he gave Mr. Redden an empty glassine baggie and the U.S. Currency given to him was his $5 change for a $20 bill. [N.T., 09/17/2014 p. 161, 166].[5]

After deliberating, the jury found Appellant guilty of Delivery of a Controlled Substance to wit: Alprazolam; Possession of a Controlled Substance to wit: Alprazolam; Possession of a Controlled Substance to wit: Oxycodone, and Possession of Drug Paraphernalia.

The jury found Appellant not guilty of Delivery of a Controlled Substance to wit: Oxycodone, Delivery of a Controlled Substance to wit: Amphetamine; and Possession of a Controlled Substance to wit: Amphetamine.

On October 30th, 2014, this Court sentenced Appellant as follows: Count 1:Delivery of Alprazolam: 15 months to 30 months in SCI with three years consecutive state probation; Count 2: Possession of Oxycodone: 6-12 months SCI consecutive to Count 1; Count 3: Possession of Drug Paraphernalia: 1 year state probation, running consecutive to Count 1 and Count 2. Appellant was ordered to provide a DNA sample, a $100 cost assessment was imposed, and Appellant was not RRRI Eligible or boot camp eligible. Appellant was also ordered to forfeit two cell phones and $75 of US Currency. [N.T., 10/30/2014 p.9-11].

---

[5] Appellant was the only person apprehended with any money on his person [N.T., 09/17/2014 p. 49, 84].

On October 31, 2014, counsel for Appellant filed a motion to withdraw, which this Court granted.

On November 07, 2014, Appellant filed *pro se* correspondence, which was docketed on November 12, 2014. Due to the time sensitive nature of filing a motion to reconsider, this Court treated the correspondence as a *pro se* motion to reconsider sentence and appointed the Delaware County Office of the Public Defender to represent Appellant. On November 17, the Public Defender filed a conflict petition. In response, this Court appointed conflict counsel, Ms. Rhonda Lowe, Esquire.

Due to confusion with the switch in counsel and miscommunication as to what had been filed by the Public Defender's office, Ms. Lowe provided this Court with additional information pertinent to the motion to reconsider and asked this Court to extend the 120 days this Court had to decide on the motion. This Court found that good cause existed to invoke the extra thirty days allowed by statute to decide upon the motion. On March 30, 2015, after considering the information provided, this Court denied the post-sentence motion and this timely appeal followed.

**DISCUSSION**

For efficiency, this Court will address each issue as laid out by Appellant in his 1925(b) statement: (A) Improper Non-Excusal of Jury Member; (B) Improper School Zone Enhancement; (C) Guilty Verdicts Against the Weight of the Evidence; (D) Insufficient Evidence For Conviction; and (E) Abuse of Discretion At Sentencing.

**A. This Court Did Not Abuse its Discretion When Keeping Juror #4 on the Panel.**

The determination as to whether an individual's views would substantially impair her or his ability to perform the duties of a juror rests in the discretion of the trial court and that such determination is to be accorded deference. *Commonwealth v. Morales* 91 A.3d 80, 96-97 (Pa. 2014). "Absent a palpable abuse of that discretion, the court's determination will not be reversed." *Morales,* 91 A.3d at 97.

Appellant's alleges this Court erred when it did not excuse trial Juror #4 after being informed that the Juror #4 was familiar with Michael Rainey, the driver of the vehicle.

This Court did not abuse its discretion when deciding to keep Juror #4 on the panel. Juror #4 attended high school with Mr. Rainey, stated he hadn't seen him in a significant amount of time, did not socialize with him and simply brought it to this Court's attention in an abundance of caution. In addition, Juror #4 said he could be fair and impartial. If Juror #4 answered the question in the negative, as Juror #9 did, this Court would have excused Juror #4. However, excusing Juror#4 was not necessary as this Court determined, after speaking with Juror #4, that he could be fair and impartial. Thus, there was no error of law or abuse of discretion.

**B. The Commonwealth Did Not Elicit Testimony in Regards to a School Zone and This Court Did Not Apply a School Zone Enhancement At Sentencing.**

Appellant also alleges this Court erred in allowing the Commonwealth to amend the complaint to add a School Zone Enhancement, pursuant to the Drug-Free School Zones Act, 18 Pa.C.S. § 6317. This assertion is moot. The Commonwealth never presented any testimony to this effect nor was the issue submitted to the jury or applied at sentencing. Therefore, the issue is moot for purposes of appeal.

## C. The Verdict Was Not Against the Weight of the Evidence.

"A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A weight of the evidence claim is only warranted where the judge or jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." *Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014).

"Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Landis*, 89 A.3d at 699.

Appellant alleges that the verdict was against the weight of the evidence presented by the Commonwealth at trial. This Court properly denied this post-sentence motion. The jury was free to listen to the witnesses and weigh the evidence presented. Despite the conflicting stories from Appellant and Mr. Redden, the jury weighed the credibility of the witnesses and determined Appellant to be guilty beyond a reasonable doubt for all three charges herein. There is nothing in the record to support that the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice.

**D. The Evidence Presented at Trial was Sufficient to Convict Appellant.**

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

"There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences are drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Martin*, 101 A.3d 706, 718 (Pa. 2014). The Commonwealth may sustain [this] burden by means of wholly circumstantial evidence. *Martin*, 101 A.3d at 718.

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). Failure to identify what specific element the Commonwealth failed to prove at trial in a 1925(b) statement renders an appellant's sufficiency of the evidence claim waived for appellate review. *Id.*

Appellant alleges there was insufficient evidence presented at trial to sustain the convictions Delivery of a Controlled Substance to wit: Alprazolam, Possession of a Controlled Substance to wit: Oxycodone and Alprazolam, and Possession of Drug Paraphernalia. However, Appellant does not allege any particular element of the three convictions as required to preserve the claim for appeal. Assuming arguendo that Appellant intends to argue that every single element of all three offenses was insufficient to sustain a conviction, this Court sets forth the its analysis as follows:

Pursuant to *35 P.S. Section 780-113(a)(30):* "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate state board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance is prohibited." Delivery is defined as "the actual, constructive or attempted transfer from one person to another of a controlled substance . . . whether or not there is an agency relationship." *35 P.S. Section 780-102.*

Here, Appellant, who is not registered or licensed under the act, was delivering Alprazolam, a controlled substance, by means of a hand to hand to Mr. Redden. Officer Devine testified that he was a mere five feet away from Appellant and Mr. Redden when he witnessed Appellant hand Mr. Redden a clear plastic bag in exchange for U.S. currency. In addition, this was the exact same bag that Officer Devine located in the vehicle that Mr. Redden got into immediately after the transaction. Not only did Officer Devine see the transaction occur but Mr. Redden also told the jury that he purchased the pills from Appellant and gave him two $20 dollar bills, which were located on Appellant when he was arrested. The evidence presented at trial, when viewed in the light most favorable to the Commonwealth, was overwhelmingly sufficient to establish all of the elements of the offense beyond a reasonable doubt.

In order to establish Possession of a Controlled Substance the Commonwealth must prove beyond a reasonable doubt: 1) the item must be a controlled substance; (2) that the item was possessed by the defendant; and (3) that the defendant was aware of the item's presence and that the item was in fact a controlled substance. *35 Pa.C.S. Section 780-113(a)(16)*

When Officer Taylor stopped Appellant he had Oxycodone, a controlled substance, on his person. Appellant admitted he had the pills in his pocket and that he did not have a

prescription for them. In addition, Appellant possessed Alprazolam when he sold it to Mr. Redden, which Mr. Redden testified to and Officer Devine witnessed Appellant hand to Mr. Redden.

Pursuant to 35 P.S. Section 780-113(a)(32), "The following acts and the causing thereof within the Commonwealth are hereby prohibited: The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act."

Officer Taylor located three Oxycodone pills on Appellant. The pills were wrapped in tissue paper in order to store the controlled substance. Based on credible testimony from Officer Taylor and Officer Devine, the Commonwealth presented sufficient evidence to prove each element of Possession of Drug Paraphernalia beyond a reasonable doubt.

### E. This Court Properly Sentenced Appellant.

Appellant's assertion that this Court abused its discretion when it sentenced Appellant is without merit. An abuse is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will direction is abused. *Commonwealth v. Hairston*, 84 A.3d 657 (Pa. 2014).

Appellant does not particularly allege how this Court abused its discretion at sentencing. Appellant's sentence was not illegal nor was it even in the aggravated range. Appellant's sentence was in the middle of the standard range. This Court told Appellant at sentencing: "I could easily justify going into the aggravated range based on your past history. But, even in

going to the standard range, I didn't go to the maximum in the standard range; I went into the mid-range because I'm hoping there is some redeeming value for you." [N.T., 10/30/2014 p.11]. After review, this Court finds no error in Appellant's sentence.

## CONCLUSION

This Court did not commit an error of law or abuse its discretion. Appellant's judgment of sentence should be affirmed.

BY THE COURT:

_____
John P. Capuzzi, Sr.                                          J.